USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE SECRETARY OF THE UNITED
STATES DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT,

      Plaintiff,

    v.

ADREANA LANGSTON, *as Administratrix
of the Estate of Doris T. Langston, et al.*,

      Defendants.

---

No. 19-cv-6560 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On March 28, 2023, the Court held a show cause hearing in this matter as to why default judgment should not be entered in favor of Plaintiff for the relief requested in the First Amended Complaint. None of the Defendants appeared at the hearing. On April 17, 2023, however, the Court ordered Plaintiff to respond to a letter that Defendants Adreana Langston, Seybou Douma, and James Crawford (collectively, the "Individual Defendants") had mailed *pro se* to the Court, which was dated March 22, 2023 but which the Court did not receive until after the show cause hearing. Plaintiff filed its response on April 28, 2023, and the Court ordered Defendants to respond by May 31, 2023. No response from Defendants has been received to date, nor have any Defendants made an appearance. The Court has not yet entered a final judgment in this matter.

Separately, and upon a renewed examination of Plaintiff's First Amended Complaint and default judgment papers, the Court finds that Plaintiff has failed to properly plead liability against Defendants New York City Environmental Control Board, New York City Transit Adjudication Bureau, and New York City Department of Finance Parking Violations Bureau (collectively, the

"City Defendants").  While "[e]ntry of default judgment against a non-mortgagor defendant is generally appropriate where the complaint alleges 'nominal liability,'" *Gustavia Home, LLC v. Lawrence*, 2017 WL 4404434, at *4 (E.D.N.Y. June 22, 2017), "[i]n a foreclosure case, a plaintiff seeking a judgment against New York City or any 'department, bureau, board, commission, officer, agency or instrumentality thereof' . . . must allege 'detailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party-defendant,'" *OneWest Bank N.A. v. Louis*, 2016 WL 3552143, at *12 (S.D.N.Y. June 22, 2016) (quoting N.Y. Real Prop. Acts. § 202-a(1)), *report and recommendation adopted*, 2016 WL 4059214 (S.D.N.Y. July 28, 2016).  In addition, "[i]f the lien [of the city agency] exists by virtue of a judgment," the complaint must also set forth "the name of the court, date recorded, clerk's office in which [the judgment was] filed, the names of the parties against whom and in whose favor such judgment was recovered and a brief description of the grounds for or the nature of such judgment."  N.Y. Real Prop. Acts. § 202-a(2).

In the First Amended Complaint, Plaintiff makes the following allegations against the City Defendants:

> 32. The New York City Environmental Board is included in this lawsuit as Possible Subordinate Lienor by virtue of numerous New York City Environmental Control Board Liens against name(s) similar to Doris T. Langston aka Doris Thelma Langston aka Doris Langston.

> 33. The New York City Transit Adjudication Bureau is included in this lawsuit as Possible Subordinate Lienor by virtue of numerous New York City Transit Adjudication Bureau Liens against name(s) similar to James Crawford.

> 34. New York City Department of Finance Parking Violations Bureau is included in this lawsuit as Possible Subordinate Lienor by virtue of numerous New York City Department of Finance Parking Violations Bureau Liens against name(s) similar to James Crawford.

First Am. Compl. ¶¶ 32-34.  These conclusory allegations, devoid of any detail with respect to the liens allegedly held by the City Defendants, are plainly insufficient to meet the heightened

pleading requirements of § 202-a.  *See Gustavia Home*, 2017 WL 4404434, at *4 ("Conclusory allegations that [a] [city-]entity is the holder of a lien encumbering the property, which is subject subordinate to the plaintiff's mortgage, are insufficient."); *see also, e.g.*, *OneWest Bank*, 2016 WL 3552143, at *12 (concluding that the plaintiff failed to meet the pleading requirements of § 202-a(1) where it "d[id] not allege the nature or the amount of the lien, or even the basis for its belief that  a lien exists").

## CONCLUSION

Plaintiff's motion for default judgment against the City Defendants is thus denied without prejudice.  Given the application raised in the Individual Defendants' letter dated March 22, 2023, which has yet to be resolved, the Court will defer ruling on the default judgment motion against the remaining defendants.   Plaintiff shall have one opportunity to file a Second Amended Complaint, if it so chooses, no later than September 4, 2023.  Defendants are again reminded that, to the extent they intend to defend in this action, they must formally file an answer or response to the operative complaint within the time limit prescribed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8, 12.

Furthermore, if Defendants intend to proceed *pro se*, they are reminded that they may wish to consult the New York Leal Assistance Group's legal clinic for *pro se* litigants, by visiting its website at nylag.org/pro-se-clinic or by calling (212) 659-6190.  This clinic, which is unaffiliated with the Court, assists *pro se* litigants with federal civil cases.

The Clerk of Court is respectfully directed to mail a copy of this Order to 901 East 218th Street, Bronx, NY 10469, which is the address for the mortgaged property at issue and the only address provided for any of Individual Defendants in this action.

SO ORDERED.

Dated:      August 8, 2023
            New York, New York

_____
Ronnie Abrams
United States District Judge